## HALL, Jr. *v.* STATE

[No. 72, September Term, 1963.]

*Decided November 8, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Llewellyn W. Woolford,* with whom was *Milton B. Allen* on the brief, for appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Bernard L. Silbert, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

At a trial without a jury, the lower court found the defendant guilty of violating the lottery laws, and sentenced him to a prison term and suspended it on condition of good behavior and payment of a fine. The defendant appealed. He claims, as he contended below, that the search warrant did not authorize the police to search the office he used on the third floor of the premises in connection with the operation of the grocery and confectionery store on the first floor.

Among other things, the application for a search warrant shows that prior to obtaining the warrant, the police officers, who conducted the search, had observed a clerk go out the rear door of the store to an area used in connection with the premises to get the item which one of the officers sought to purchase. The search warrant, which authorized the officers named therein to search for lottery paraphernalia on "the premises known as Randy's Confectionery, 1436 Holbrook Street, in the City of Baltimore," specifically identified and described the premises as being "located on the southwest corner of Oliver and Holbrook Streets, * * * which is a three-story brick store front building having the front entrance leading to the store * * * on Holbrook Street and a side entrance that leads to the house on Oliver Street" and stated that "[t]he store is connected to the house by means of a door which leads to the outside and the house on Oliver Street."

On September 4, 1962, the police, armed with the warrant to search the fully described premises for lottery paraphernalia,

entered the premises, served the warrant and searched the front part of the store. The search of this part of the premises revealed no lottery evidence. As the officers were proceeding to the back of the store to continue the search, the defendant, in order to avoid involving others persons, informed the police that he would take them to the office on the third floor "where the stuff was." He did so, and several articles of lottery paraphernalia were found there.

Since it seems that the description of the premises in the search warrant was broad enough to authorize a search of all parts of such premises which were used as a store, the contention that the search was limited to the first floor of 1436 Holbrook Street is without substantial merit. But even if it is assumed for the purpose of this case that the search was limited as claimed to the store areas, the record discloses that the defendant consented (as he frankly admits) to a search of his office located on the third floor of a part of the premises described in the search warrant. This consent, which was clearly voluntary and without coercion, was enough to support the conviction. See *Armwood v. State*, 229 Md. 565, 569, 185 A. 2d 357, 359 (1962).

*Judgment affirmed.*